# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William John Sims, Respondent.

Appellate Case No. 2024-001674

Opinion No. 28281
Submitted April 22, 2025 – Filed May 14, 2025

## DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Connor J. Parker, both of
Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition, public reprimand, or definite
suspension for a period not to exceed twelve months, retroactive to November 21,
2022, the date of his interim suspension.  We accept the Agreement and suspend
Respondent from the practice of law in this state for nine months.  The facts, as set
forth in the Agreement, are as follows.

## I.

In late 2018, Respondent began experiencing manic episodes and was first
hospitalized in May of 2019.  At that time, Respondent referred all of his clients to
other attorneys apart from one, with which he assisted alongside another attorney.
In the following years, Respondent developed bipolar disorder, began self-

medicating with alcohol and marijuana, and was hospitalized five times.  In November of 2020, the probate court found Respondent had a mental illness, discharged him from the psychiatric hospital, and ordered him to undergo outpatient treatment.  The probate court's order further required Respondent to take his psychiatric medications, ordered him to abstain from alcohol and drugs, and prohibited him from possessing firearms.

The following month, Respondent was arrested after an altercation at a convenience store.  Among other charges, Respondent was charged with breach of peace, aggravated in nature, and pointing and presenting firearms at a person.  According to Respondent, he was experiencing a manic episode during the incident.

Nearly two years later, Respondent self-reported these charges to ODC, along with a 2019 arrest for DUI, first offense, and a 2021 traffic charge.  This Court subsequently placed Respondent on interim suspension.  *In re Sims*, 438 S.C. 60, 882 S.E.2d 168 (2022).

As to the 2020 arrest, Respondent pled guilty to pointing and presenting firearms at a person and breach of peace, non-aggravated in nature.  The charges were referred to the Mental Health Court (MHC).  Respondent began participating in the MHC program in December 2023 and has now successfully completed the program, and the charges have been dismissed.  The same month, Respondent entered into a monitoring contract with Lawyers Helping Lawyers.

## II.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4(c) (providing a lawyer shall not knowingly disobey an obligation under the rules of a tribunal); Rule 8.3(a) (providing a lawyer who is arrested for or has been charged by way of indictment of a serious crime shall inform ODC of the indictment in writing within fifteen days of the arrest); and Rules 8.4(a)–(c), (e) (providing it is professional misconduct for a lawyer to violate the Rules of Professional Conduct; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness; commit a criminal act involving moral turpitude; and engage in conduct that is prejudicial to the administration of justice).  Respondent further admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting violations of the Rules of Professional Conduct); Rule 7(a)(5) (prohibiting conduct

demonstrating an unfitness to practice law); and Rule 7(a)(7) (prohibiting willful violations of valid court orders). Respondent agrees to the imposition of a confidential admonition, public reprimand, or definite suspension for a period not to exceed twelve months. Respondent requests that any definite suspension imposed be retroactive to the date of his interim suspension, and agrees to pay costs. Respondent also agrees that upon reinstatement, he will comply with a three-year monitoring contract with Lawyers Helping Lawyers and ensure, for a period of three years, that quarterly reports by his treating physician are submitted to the Commission on Lawyer Conduct addressing Respondent's diagnosis, treatment compliance, and prognosis.

## III.

We accept the Agreement and suspend Respondent from the practice of law in this state for a period of nine months, retroactive to November 21, 2022, the date he was placed on interim suspension. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Upon reinstatement, should it be granted, Respondent shall enter into and comply with a three-year monitoring contract with Lawyers Helping Lawyers and ensure quarterly reports by Respondent's treating physician are filed with the Commission on Lawyer Conduct regarding Respondent's diagnosis, treatment compliance, and prognosis, for a period of three years.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**